IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BENJAMIN DOUTHWAITE, | : | |
| | : | |
| Plaintiff, | : | C.A. No. |
| | : | |
| vs. | : | |
| | : | |
| POLICE CHIEF MICHAEL J. SZCZERBA; | : | |
| THE CITY OF WILMINGTON; | : | |
| JANE DOE; JOHN DOE; and OFFICER KAISER | : | |
| | : | |
| Defendants. | : | JURY TRIAL DEMANDED |
| | : | |

## COMPLAINT

Plaintiff Benjamin Douthwaite brings this case to vindicate his constitutional right to express his political opinion in a peaceful manner. This right was violated in two separate incidents by members of the Wilmington Police Department.

## Parties

1. Plaintiff Benjamin Douthwaite is an adult resident of Wilmington, Delaware.

2. Defendant City of Wilmington is a municipal corporation and governmental subdivision of the State of Delaware. The City is responsible for the training and supervision of Defendants Jane Doe, John Doe, and Kaiser, in the conduct of their duties as officers with the Wilmington City Police Department. The acts of these officers were committed as a result of the City's policies and customs.

3. Defendant Jane Doe, wearing badge no. 12 or 49, was, at all times relevant to this action, a Police Officer with the Wilmington Police Department, and subject to the City's training, control, and supervision.

4. Defendant John Doe, wearing badge no. 12 or 49, was, at all times relevant to this action, a Police Officer with the Wilmington Police Department, and subject to the City's training, control, and supervision.

5. Defendant Kaiser was, at all times relevant to this action, a Police Officer with the Wilmington Police Department, and subject to the City's training, control, and supervision.

6. Defendant Michael Szczerba was at all times relevant to this action, the Chief of Police of the Wilmington Police Department, and responsible for the City's training, control and supervision as well as authorized to act and to institute and/or ratify Police Department policies on behalf of the City of Wilmington.

7. At all times relevant herein, all acts performed by the individual Defendants were done under the color and pretense of the statutes, laws, ordinances, customs, and usages of the State of Delaware and by the individual Defendants under the authority of their positions as police officers for the City of Wilmington.

8. Each of the individual Defendants John Doe Nos. 1-2, Kaiser, and Szczerba is being sued in his or her individual capacity.

**Jurisdiction and Venue**

9. This Court has original jurisdiction over the Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

10. Venue is proper in this district because all of the acts alleged herein occurred within the District of Delaware.

### Facts

11. Mr. Douthwaite was, at the time of these incidents, a resident of Wilmington, Delaware, and a concerned citizen and taxpayer who opposed the war in Iraq.

12. On February 2, 2007, Mr. Douthwaite was attending a peace vigil near the entrance to I-95 in Wilmington, Delaware, wearing an anti-war sign around his neck that said "Fuck War."

13. Mr. Douthwaite noticed several officers drive by. A few minutes later, two officers, Defendants Jane and John Doe, approached him. They said they had no problem with the protest, but did have a problem with his sign. They demanded that he give them his sign.

14. Mr. Douthwaite politely refused to give Defendants Jane and John Doe his sign, citing his constitutional right to express his political opinion in a peaceful manner. Defendant John Doe then ripped the sign off Mr. Douthwaite, folded it, and threw it in the police car.

15. None of the other activists present at the vigil were required to give the officers their signs, or were otherwise harassed by the officers.

16. On February 6, 2007, the ACLU of Delaware, through Staff Attorney Julia M. Graff, Esq., contacted Police Chief Michael Szczerba to request that Mr. Douthwaite's property be returned to him and that the Wilmington Police Department cease the practice of suppressing peaceful political expression, regardless of whether its officers find that expression offensive, in light of clear legal precedent protecting such expression. Ms. Graff received no response to this letter.

17. On February 9, 2007, Mr. Douthwaite made a second anti-war sign, exactly like his first sign. He was again attending a peace vigil near the I-95 entrance in Wilmington, Delaware, wearing the sign.

18. At approximately 5:55 PM, three cars from the Wilmington Police Department pulled up, and at least six officers emerged. As Defendant Kaiser approached Mr. Douthwaite, the other activists present at the vigil gathered close by, anticipating a reprise of the events of the preceding week.

19. Mr. Douthwaite pulled out a copy of the United States Supreme Court's decision in *Cohen v. California,* 403 U.S. 15 (1971) (reversing the conviction of a young man who was arrested for wearing a jacket bearing the words, "Fuck the Draft," while walking through a courthouse corridor). He told Defendant Kaiser that the Supreme Court had held that signs like his were permissible, and handed the decision, along with a copy of the ACLU of Delaware's February 6, 2007, letter to Defendant Kaiser.

20. Defendant Kaiser said, "I don't work for the Supreme Court," and that he didn't care about "some letter from the ACLU."

21. Defendant Kaiser then issued Mr. Douthwaite a citation for disorderly conduct, allegedly in violation of 11 Del. C. § 1301(1)(b), for "refus[ing] to stop publicly displaying a sign containing offensive material." Defendant Kaiser also confiscated Mr. Douthwaite's sign, saying that now that Mr. Douthwaite had been written up, the sign constituted evidence.

22. Mr. Douthwaite incurred approximately $68 in lost wages to contest the charge, which was dropped on September 19, 2007.

23. Upon information and belief, there have been other incidents in the past several years in which members of the Wilmington Police Department have arbitrarily acted to deny citizens the free exercise of their First Amendment rights. For example, in 2003, several people were issued traffic tickets by Wilmington police officers for "excessive honking" for honking their horns in support of anti-war protestors. In late fall 2006, Wilmington police officers arrested a veteran in his eighties who had been peacefully protesting the treatment of veterans at the Veterans' Hospital in Elsmere, DE. He was charged with disorderly conduct. In the summer of 2006, an elderly man was arrested by Wilmington Police officers while attempting to exercise his First Amendment right to videotape at the scene of an accident. In the spring of 2008, a pro-life protestor was threatened with arrest by Wilmington police officers for carrying signs deemed "offensive." This level of incidents appears inconsistent with adequate training and supervision with regard to First Amendment matters of public protest and behavior.

## COUNT ONE

**42 U.S.C. § 1983 – Violation of Plaintiff's Rights Under the First and Fourteenth Amendments of the United States Constitution Arising From the February 2, 2007 Incident (Against Defendants Jane Doe, John Doe, Szczerba, and the City of Wilmington)**

24. The allegations contained in the preceding paragraphs are incorporated by reference as if set forth fully herein.

25. Mr. Douthwaite has a clearly established right under the First Amendment to wear a sign expressing his anti-war view, even if some may find it offensive or disagreeable.

26. By ripping Mr. Douthwaite's sign off him and confiscating it, Defendants Jane Doe and John Doe unlawfully interfered with Mr. Douthwaite's constitutionally protected rights.

5

27. Defendants Jane Doe and John Doe acted intentionally, maliciously and/or in reckless disregard of these violations of Mr. Douthwaite's clearly established rights.

28. Upon information and belief, Defendants John Doe Nos. 1-2 acted in retaliation against Mr. Douthwaite for his exercise of his First Amendment rights.

29. Defendant Szczerba caused these violations of Mr. Douthwaite's rights under the First and Fourteenth Amendments to the United States Constitution by failing to adequately train, supervise, and discipline Defendants Jane and John Doe, and by maintaining an unconstitutional policy, custom, or practice of interfering with constitutionally protected expression that employees of the Wilmington Police Department find personally distasteful or offensive.

30. Additionally, Defendant City of Wilmington is responsible for these constitutional violations because they were ratified by Defendant Szczerba in his capacity as Chief of Police of the Wilmington Police Department. Defendant City of Wilmington has caused these constitutional violations by maintaining, through Defendant Szczerba, an unconstitutional policy, custom, or practice of failing to properly train, supervise, and discipline police officers, and of interfering with constitutionally protected expression that employees of the Wilmington Police Department find personally distasteful or offensive.

31. Mr. Douthwaite has been harmed by the deprivation of his constitutional rights by Defendants Jane Doe, John Doe, Szczerba, and the City of Wilmington, and is entitled to redress for those violations.

## COUNT TWO

**42 U.S.C. § 1983 – Violation of Plaintiff's Rights Under the First and Fourteenth Amendments of the United States Constitution Arising From the February 9, 2007 Incident (Against Defendants Kaiser, Szczerba, and the City of Wilmington)**

32. The allegations contained in the preceding paragraphs are incorporated by reference as if set forth fully herein.

33. Mr. Douthwaite had a clearly established right under the First Amendment to carry a sign expressing his anti-war view on February 9, 2007.

34. By issuing Mr. Douthwaite a citation for disorderly conduct, for "unlawfully refus[ing] to stop publicly displaying a sign containing offensive material," and by confiscating his sign, Defendant Kaiser unlawfully interfered with Mr. Douthwaite's First Amendment right to express his opinion in a peaceful manner in a public right of way.

35. Defendant Kaiser acted intentionally, maliciously and/or in reckless disregard of these violations of Mr. Douthwaite's clearly established rights.

36. Upon information and belief, Defendant Kaiser acted in retaliation against Mr. Douthwaite for his exercise of his First Amendment rights.

37. Defendant Szczerba caused these violations of Mr. Douthwaite's rights under the First and Fourteenth Amendments to the United States Constitution by failing to adequately train, supervise, and discipline Defendant Kaiser, and by maintaining an unconstitutional policy, custom, or practice of interfering with constitutionally protected expression that employees of the Wilmington Police Department find personally distasteful or offensive, even after receiving notice from the ACLU of Delaware.

38. Additionally, Defendant City of Wilmington is responsible for these constitutional violations because they were ratified by Defendant Szczerba in his capacity as Chief of Police of the Wilmington Police Department. Defendant City of Wilmington has caused these constitutional violations by maintaining, through Defendant Szczerba, unconstitutional policies, customs, or practices of failing to properly train, supervise, and discipline police officers, and of interfering with constitutionally protected expression that employees of the Wilmington Police Department find personally distasteful or offensive.

39. Mr. Douthwaite has been harmed by the deprivation of his constitutional rights by Defendants Kaiser, Szczerba, and the City of Wilmington, and is entitled to redress for those violations.

## COUNT THREE

**Violation of Plaintiff's Rights Under Article I, Section 5 of the Delaware Constitution Arising From the February 2, 2007, and February 9, 2007, Incidents**

**(Against Defendants Jane Doe, John Doe, Kaiser, Szczerba, and the City of Wilmington)**

40. The allegations contained in the preceding paragraphs are incorporated by reference as if set forth fully herein.

41. The actions of Defendants Jane Doe, John Doe, and Kaiser violated Mr. Douthwaite's right to free speech in violation of Article I, Section 5 of the Delaware Constitution.

42. Defendant Szczerba caused these violations of Mr. Douthwaite's rights under Article I, Section 5 of the Delaware Constitution by failing to adequately train, supervise, and discipline Defendants Jane Doe, John Doe, and Kaiser, and by maintaining an unconstitutional policy, custom, or practice of interfering with constitutionally protected expression that

8

employees of the Wilmington Police Department find personally distasteful or offensive, even after receiving notice from the ACLU of Delaware.

43.     Additionally, Defendant City of Wilmington is responsible for these constitutional violations because they were ratified by Defendant Szczerba in his capacity as Chief of Police of the Wilmington Police Department. Defendant City of Wilmington has caused these constitutional violations by maintaining, through Defendant Szczerba, an unconstitutional policy, custom, or practice of interfering with constitutionally protected expression that employees of find personally distasteful or offensive.

44.     Defendants' actions constituted an extreme departure from the ordinary standard of care and evidenced a wanton disregard or reckless indifference to Mr. Douthwaite's right to free speech.

45.     Mr. Douthwaite was harmed by this violation of his free speech rights by Defendants, and, pursuant to Article I, Section 9 of the Delaware Constitution, is entitled to redress for that violation and for the harm done to him by Defendants' actions.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant him the following relief on each count above:

   1.     A declaration that Defendants' actions violated Plaintiff's rights under the First and Fourteenth Amendments of the United States Constitution, and Article I, Section 5 of the Delaware Constitution;

   2.     Compensatory damages;

3.  Punitive damages;

4.  Reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

5.  Such other and further relief as this Court deems just.

Respectfully submitted,

_____
Norman Monhait (No. 1040)
Rosenthal, Monhait & Goddess, P.A.
919 Market St., Ste. 1401
P.O. Box 1070
Wilmington, DE 19899
(302) 656-4433
nmonhait@rmgglaw.com

*/s/ Umbreen Bhatti*
Umbreen Bhatti (No. 5119)
American Civil Liberties Foundation of Delaware
100 W. 10th St., Ste. 309
Wilmington, DE 19801
(302) 654-5326, ext. 103
ubhatti@aclu-de.org

Dated: August 22, 2008

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BENJAMIN DOUTHWAITE

**DEFENDANTS**
POLICE CHIEF MICHAEL J. SZCZERBA; THE CITY OF WILMINGTON; JANE DOE; JOHN DOE; AND OFFICER KAISER

(b) County of Residence of First Listed Plaintiff: New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: 
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Norman M. Monhait, Esquire, Rosenthal, Monhait & Goddess, P.A., PO Box 1070, Wilmington, DE 19899-1070

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

[Checkbox list of suit types — 440 Other Civil Rights marked with X]

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C.A. §1983
Brief description of cause: To redress injuries for violation of First and Fourteenth Amendment civil rights.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): See Marquisee v. Szczerba, et al., also filed 8/22/08
JUDGE
DOCKET NUMBER

DATE: 8-22-08
SIGNATURE OF ATTORNEY OF RECORD: Norman M. Monhait (No. 1040) (302-656-4433)

**FOR OFFICE USE ONLY**
RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE